**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.:**

**RICARDO JOSUE SALAZAR CERMENO,**

        **Plaintiff,**

**vs.**

**FIRST WATCH RESTAURANTS, INC.,**

        **Defendant.**

                                 /

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, FIRST WATCH RESTAURANTS, INC. ("Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby files this Notice of Removal removing the above-captioned matter from Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court, Southern District of Florida, Miami Division. In support of this Notice of Removal, Defendant states as follows:

**BACKGROUND**

1.      Plaintiff Ricardo Josue Salazar Cermeno ("Plaintiff") filed a Complaint against Defendant on February 22, 2026, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case Number 2026-003699-CA-01 (the "State Court Action").

2.      Defendant was served with the Summons and Complaint on March 24, 2026. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint, along with all other process, pleadings, and orders served upon Defendant in the State Court Action are attached to this Notice of Removal as **Exhibit A**.

3.      In the Complaint, Plaintiff alleges that Defendant violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–12189, and Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"), and in connection with these allegations, Plaintiff also seeks declaratory relief. Plaintiff alleges generally that Defendant's website discriminates against visually impaired individuals, and claims that "Plaintiff attempted … to utilize the Website to browse through the differing food options and other online offers to educate himself and learn about the brick-and-mortar locations, to check store hours, to check pricing with the intent to make a purchase through the Website or in, from, and through the physical store location," but was unable to complete his purchase due to alleged accessibility issues. *See Complaint* at ¶13.

4.      Defendant has not yet answered Plaintiff's Complaint. On April 10, 2026, counsel for Plaintiff agreed to an extension of time until May 4, 2026, for Defendant to respond to the Complaint.

**GROUNDS FOR REMOVAL**

5.      A notice of removal must contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

6.      This Court has original jurisdiction over this action under 28 U.S.C. § 1331 (federal question) which gives federal district courts original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's ADA claim arises under federal law and therefore provides this Court with original jurisdiction.[1]

7.      This Court has supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367(a), which gives federal district courts "supplemental jurisdiction over all other

---

[1] To the extent that Plaintiff seeks declaratory relief under federal law in Count III, this Court would also have original jurisdiction under 28 U.S.C. § 1331 over that claim.

claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

8. All three counts asserted by Plaintiff "form part of the same case or controversy," or, in other words, derive from a common nucleus of (alleged) operative facts, because all three counts relate to alleged accessibility issues with Defendant's website. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1997).

9. None of the specifically delineated reasons for declining the exercise of supplemental jurisdiction exist in this case. See 28 U.S.C. § 1367(c). Namely, Plaintiff's state law claims do not raise novel or complex issues of state law, nor will they substantially predominate over Plaintiff's ADA claim.

10. Accordingly, this Court should exercise supplemental jurisdiction over Plaintiff's state laws claims, and the three counts in Plaintiff's Complaint, all of which "form part of the same case or controversy," should be tried together in a single judicial proceeding pursuant to 28 U.S.C. § 1367(a). *See id.*

## PROCEDURAL REQUIREMENTS FOR REMOVAL

11. All procedural requirements for removal have been met.

12. Venue is proper in the United States District Court for the Southern District of Florida, Miami Division, because the State Court Action is pending within the jurisdictional confines of this Court. *See* 28 U.S.C. § 1446(a).

13. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within thirty days of Defendant's receipt of the Summons and Complaint.

14.     In accordance with 28 U.S.C. § 1446(d), Defendant will give written notice of the filing of this Notice of Removal to Plaintiff and file a Notice of Filing Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

15.     By filing this Notice, Defendant does not waive and expressly reserves all rights, claims, and defenses, including, without limitation, all defenses relating to jurisdiction, venue, service of process, and personal jurisdiction.

## CONCLUSION

Defendant respectfully requests that the above-captioned matter, now pending against it in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, be removed to this Honorable Court, and that this Court assume full jurisdiction over the action.

Dated: April 22, 2026.                         Respectfully submitted,

*/s/ Joyce Ackerbaum Cox*
Joyce Ackerbaum Cox
Florida Bar No.: 0090451
Email: jacox@bakerlaw.com
Alexandrea E. Richardson, Esq.
Florida Bar No.: 1068891
Email: arichardson@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone: 407-649-4000
Facsimile: 407-841-0168

***Counsel for Defendant***

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on April 22, 2026, I electronically filed the foregoing with the

Clerk of this Court using the ECF system. I further certify that the foregoing has been served via

e-mail upon:

Andrew Schertzer, Esq.
F&S LAW GROUP
712 S. Howard Avenue #205
Tampa, FL 33606
Email: aschertzer@fslawpllc.com

***Counsel for Plaintiff***

*/s/ Joyce Ackerbaum Cox*
Joyce Ackerbaum Cox
